[Cite as *State v. Slappey*, 2013-Ohio-1939.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 9-12-58

    v.

KIMBALL CASEY SLAPPEY,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 08-CR-025

Judgment Affirmed

Date of Decision:   May 13, 2013

APPEARANCES:

    *Robert C. Nemo* for Appellant

    *Brent Yager and Denise M. Martin* for Appellee

**ROGERS, J.**

{¶1} Defendant-Appellant, Kimball Slappey, appeals the judgment of the Court of Common Pleas of Marion County revoking his judicial release. On appeal, Slappey contends that the trial court abused its discretion when it revoked his judicial release, and erred when it did not give him any jail-time credit for time served in relation to a criminal offense he committed in Michigan. For the reasons that follow, we affirm the trial court's judgment.

{¶2} This matter originated in January 2008, when the Marion County Grand Jury entered a three count indictment against Slappey. Slappey was charged with one count of possession of cocaine in violation of R.C. 2925.11(A), (C)(4), a felony of the fifth degree, and two counts of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. Each charged offense included a firearm specification.

{¶3} In April 2008, the matter proceeded to a change of plea hearing. Pursuant to a negotiated plea agreement, the State moved to amend one of the counts for tampering with evidence to attempted tampering with evidence in violation of R.C. 2923.02 and R.C. 2921.12(A)(1), a felony of the fourth degree, and dismissed the remaining count of tampering with evidence. Thereafter, Slappey entered pleas of guilty to possession of cocaine, attempted tampering with evidence, and the attendant firearm specifications.

{¶4} In May 2008, the matter proceeded to sentencing. The trial court sentenced Slappey to a 12-month prison term for possession of cocaine, an 18-month prison term for attempted tampering with evidence, and a mandatory one-year prison term for the firearm specifications. The trial court ordered that each of the sentences be served consecutively to each other for an aggregate prison term of three years and six months. The trial court further ordered that Slappey be given 129 days of jail-time credit.

{¶5} In March 2009, Slappey filed a motion for judicial release. On April 21, 2009, the trial court filed its judgment entry granting Slappey's motion for judicial release. The trial court ordered that Slappey be "placed on three (3) years of community control sanctions, subject to the supervision of the Adult Probation Department[.]" (Docket No. 58, p. 1). The trial court further ordered that Slappey comply with the following relevant conditions during the term of his release:

> 1. I will obey all laws.
>
> 2. I will report to my supervising probation officer whenever I am told to do so.
>
> * * *
>
> 5. I will not change my address or phone number without prior approval of my supervising probation officer.
>
> * * *
>
> 12. I will pay a $50.00 transfer of supervision fee to the Marion County Clerk of Courts if my supervision is transferred to another

county or state. The $50.00 fee will be due the month that my supervision is approved. I will obey all the conditions of the supervising department.

* * *

18. I will complete a drug and alcohol assessment within 30 days.

* * *

25. I will pay the following financial sanctions to the Marion County Clerk of Courts on or before the 5th day of each month:

A. Court costs. * * *

B. Attorney fees. * * *

Violation of any of the above sanctions shall lead to a more restrictive sanction, a longer sanction, or reimposition of the original prison term of 3-1/2 years. (*Id.*, at p. 1-2).

{¶6} On January 22, 2010, the trial court granted the transfer of Slappey's supervision to the Adult Parole Authority in Highland Park, Michigan ("Michigan APA").

{¶7} On September 16, 2010, Nancy McDuffie, Slappey's probation officer ("PO") in Marion County, filed a notice of supervision violations. McDuffie alleged that Slappey violated six conditions of his release. Specifically, McDuffie alleged that (1) Slappey consumed controlled substances on or about February 10, 2010, in violation of the first condition of his release; (2) he has not reported to his supervising PO since April 28, 2010, in violation of the second condition of his release; (3) he has changed his address without prior approval from his supervising

PO in violation of the fifth condition of his release; (4) he failed to pay the $50.00 transfer fee in violation of the twelfth condition of his release; (5) he has not completed a drug and alcohol assessment in violation of the eighteenth condition of his release; and, (6) he has not made monthly payments on the court costs and attorney fees in violation of the twenty-fifth condition of his release. As a result of the alleged violations, the trial court issued an arrest warrant for Slappey.

{¶8} On July 27, 2012, McDuffie filed an amended notice of supervision violations. In addition to the allegations set forth in the original notice, McDuffie alleged that Slappey committed the offense of breaking and entering in Flint, Michigan on or about September 30, 2011, in violation of the first condition of his release.[1]

{¶9} A hearing to determine whether Slappey violated the conditions of his judicial release ("violation hearing") took place on July 30 and September 4, 2012. At the conclusion of the hearing, the trial court found that Slappey had violated the first, second, fifth, twelfth, eighteenth, and twenty-fifth conditions of his release. As a result, the trial court revoked Slappey's judicial release and re-imposed his original sentence of three years and six months. The trial court further ordered that Slappey be given 544 days of local jail-time credit.

---

[1] Though the amended notice alleged that Slappey committed the offense of breaking and entering, the State amended this allegation during the violation hearing to attempted breaking and entering.

{¶10} It is from this judgment that Slappey filed this timely appeal, presenting the following assignments of error for our review.

*Assignment of Error No. I*

**THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING APPELLANT'S JUDICIAL RELEASE.**

*Assignment of Error No. II*

**THE TRIAL COURT ERRED IN NOT GIVING APPELLANT CREDIT FOR ANY OF THE TIME THAT HE SERVED IN MICHIGAN FOR THE OFFENSE OF ATTEMPTED BREAKING AND ENTERING.**

*Assignment of Error No. I*

{¶11} In his first assignment of error, Slappey contends that the trial court abused its discretion when it revoked his judicial release. We disagree.

{¶12} A trial court's decision finding a violation of judicial release will not be disturbed on appeal absent an abuse of discretion. *State v. Westrick*, 196 Ohio App.3d 141, 2011-Ohio-1169, ¶ 22 (3d Dist.). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *See State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 16-18, citing *Black's Law Dictionary* 11 (8 Ed.Rev.2004). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Nagle*,

11th Dist. No. 99-L-089 (June 16, 2000), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} A violation hearing is not a criminal trial, so the state is not required to establish a violation of the conditions of judicial release beyond a reasonable doubt. *Westrick* at ¶ 21; *State v. Thomas-Baker*, 3d Dist. No. 9-11-03, 2011-Ohio-4891, ¶ 7. Instead, the state must present substantial evidence that the offender violated the conditions of his or her judicial release. *Id*. "Substantial evidence" is akin to a preponderance-of-the-evidence burden of proof. *State v. Griffeth*, 5th Dist. No. 10-CA-115, 2011-Ohio-4426, ¶ 29, citing *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, ¶ 18 (6th Dist.). Although a violation hearing is not a criminal trial, the hearing must comport with the requirements of due process. *Westrick* at ¶ 23, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756 (1973). The minimum due process requirements for violation hearings include, but are not limited to, the offender having the right to confront and cross-examine adverse witnesses. *Id*., citing *State v. Miller*, 42 Ohio St.2d 102, 104 (1975), citing *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593 (1972).

{¶14} Furthermore, violation hearings are not subject to the rules of evidence, thus allowing for the admission of hearsay evidence. *Westrick* at ¶ 24; *See* Evid.R. 101(C)(3). "The rationale for the exception is that, since a * * * [violation] hearing is an informal proceeding, not a criminal trial, the trier of fact

should be able to consider any reliable and relevant evidence to determine whether the [defendant] has violated the conditions of his [supervision]." *Id.*, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 36 (10th Dist. 1991). However, hearsay evidence at a violation hearing can compromise the offender's due process right to confront adverse witnesses. *Id.* Consequently, the introduction of hearsay evidence into a violation hearing can amount to reversible error when that evidence is the only evidence presented *and* is crucial in determining whether the defendant violated a condition of his or her release. *Id.*, quoting *State v. Ryan*, 3d Dist. No. 14-06-55, 2007-Ohio-4743, ¶ 9.[2]

{¶15} Bearing this authority in mind, we turn our attention to the evidence adduced during the violation hearing.

{¶16} McDuffie testified that she is employed with the Marion County Adult Probation Department ("MCAPD"), and serves as Slappey's PO. According to McDuffie, Slappey was granted judicial release on April 21, 2009. After his release, Slappey requested that his supervision be transferred to Highland Park, Michigan. The trial court granted his request and his direct supervision was transferred from the MCAPD to the Michigan APA. McDuffie explained that despite the transfer, Slappey was still required to follow the conditions set forth in

---

[2] Although this was a hearing to determine whether Slappey had violated the conditions of his judicial release rather than the conditions of community control or probation, this court has previously applied the same principles applicable to community control violation hearings to judicial release violation hearings. *State v. Osborn*, 3d Dist. No. 9-05-35, 2006-Ohio-1890.

the April 21, 2009 judgment entry granting his release, as well as any conditions the Michigan APA placed upon him. McDuffie further explained that she never directly spoke with Slappey's supervising PO in Michigan, Betty Wyche, and that all communications concerning Slappey's supervision in Michigan occurred via the Interstate Compact Offender Tracking System ("ICOTS").

{¶17} According to McDuffie, Slappey violated the first condition of his release, i.e., that he will obey all laws, on two separate occasions. First, McDuffie testified that she received a violation report from the Michigan APA indicating that Slappey tested positive for marijuana on February 10, 2010. According to the violation report, the positive result was obtained via a urine screen conducted at the probation office in Michigan, and that further laboratory testing was not conducted on the same urine sample due to budget constraints.

{¶18} As for the second violation, McDuffie testified that on or about September 30, 2011, she received a violation report from the Michigan APA indicating that Slappey had been charged with breaking and entering. McDuffie acknowledged that she was unaware of the facts surrounding the charge, but testified that she was aware that Slappey pleaded to a reduced charge of attempted breaking and entering.[3]

---

[3] We note that the record indicates that the State presented a copy of the Michigan judgment entry during the hearing and marked it as State's Exhibit 2. However, the Michigan judgment entry is not in the record before us, nor is there any indication that the judgment entry was ever admitted into evidence.

{¶19} Slappey, offered the following version of events with respect to the alleged violations of the first condition. First, Slappey acknowledged that he submitted to a urine sample during his meeting with Wyche on February 10, 2010, and that Wyche informed him that the results indicated a light trace of THC. According to Slappey, Wyche indicated that she was not confident in the results, but nevertheless required him to attend 30 days of Narcotics Anonymous, which he completed.

{¶20} With respect to his conviction for attempted breaking and entering, Slappey offered the following explanation. In 2011, he purchased several residential properties in Flint, Michigan, with the intention of renovating and renting the properties. In order to complete the renovations, Slappey needed some toilets. However, Slappey was unable to purchase the toilets due to a shortage of funds. According to Slappey, a friend informed him that he could find some toilets in a condemned residence, which was scheduled for demolition. Following his friend's advice, Slappey went to the condemned residence and attempted to take the toilets. Slappey, however, was arrested as he attempted to remove the toilets from the condemned residence. He was eventually convicted of attempted breaking and entering and testified that he was sentenced to serve a nine-month prison term.

{¶21} Next, McDuffie testified that Slappey violated the second condition of his release, i.e., that he will report to his supervising PO when he is told to do so, as well as the fifth condition of his release, i.e., that he will not change his address and phone number without prior approval of his supervising PO. McDuffie testified that she received a violation report from the Michigan APA indicating that Slappey had not reported since April 28, 2010. Though Slappey reportedly did not make any further in-person visits to Wyche after April 28, 2010, McDuffie indicated that Wyche did have contact with him over the phone on several occasions between April 28, 2010 and June 18, 2010. As a result of his failure to report, the trial court issued a warrant for his arrest. McDuffie testified that she spoke with Slappey on one occasion after the warrant was issued, but could not recall the date. McDuffie indicated that she informed Slappey that there was a warrant for his arrest.

{¶22} With respect to the alleged violation of the fifth condition of Slappey's release, McDuffie testified that she became aware of the violation when she learned that Slappey had informed Wyche that he had moved from Highland Park, Michigan to Flushing, Michigan, without obtaining prior approval for the move.

{¶23} Slappey, offered the following explanation with respect to the alleged violations of the second and fifth conditions. In early 2010, Slappey

obtained a job in Flint, Michigan remodeling a beauty salon. Initially, Slappey commuted to Flint via a commuter bus, which took approximately three and a half hours each way. Due to the long commute, he decided to reside with a friend in Flint and informed Wyche of his intention. In response, Wyche requested Slappey to bring her proof of residency and employment. Though Slappey conceded that his last meeting with Wyche occurred on April 28, 2010, he testified that he went to her office on May 28, 2010 to deliver proof of residency and employment. Wyche, however, was not in the office so Slappey left the paperwork with someone in Wyche's office. Several days later, while he was working in Flint, Slappey received a phone call from Wyche requesting proof of residency and employment. Slappey informed Wyche that he delivered the paperwork to her office several days earlier, but Wyche insisted that he physically place the paperwork in her hands within two hours. Slappey attempted to explain that it was impossible for him to meet Wyche's demand because of his transportation situation, but Wyche chose not to accommodate Slappey. As a result, Slappey called McDuffie and explained his situation. McDuffie, however, was unable to offer any assistance.

{¶24} On cross-examination, Slappey testified that he last reported on May 28, 2010, when he delivered his proof of residency and employment. Slappey further acknowledged that as of September 28, 2010, he was aware that there was

a warrant for his arrest. Despite his awareness, Slappey testified that he never attempted to turn himself over to authorities.

{¶25} Next, McDuffie testified that Slappey violated the twelfth condition of his release, i.e., that he pay the $50.00 transfer fee, as well as the twenty-fifth condition of his release, i.e., that he pay court costs and attorney fees. According to McDuffie, Slappey has not paid the $50.00 transfer fee or any of his court costs or attorney fees. McDuffie further indicated that she checked the clerk of courts' records immediately prior to the hearing and confirmed that Slappey has not paid the $50.00 transfer fee or any of his court costs or attorney fees.

{¶26} Slappey, on the other hand, testified that McDuffie directed him to remit his payments to the Michigan APA, not the MCAPD. As a result, Slappey explained that he made payments to the Michigan APA. However, Slappey acknowledged that nonpayment of "the court costs and attorney fees * * * might have been [his] fault[.]" Sept. 4, 2012 Hearing Tr., p. 23.

{¶27} Finally, McDuffie testified that Slappey violated the eighteenth condition of his release, i.e., that he complete a drug and alcohol assessment within 30 days. McDuffie testified that she determined the violation occurred because she has no record that Slappey completed a drug and alcohol assessment.

{¶28} Contrary to McDuffie's testimony, Slappey testified that he did complete a drug and alcohol assessment. Specifically, Slappey explained that he completed the assessment on February 8, 2010.

{¶29} Upon consideration of the evidence presented during the violation hearing, we find that the record contains substantial evidence that Slappey violated the first, second, fifth, twelfth, and twenty-fifth conditions of his release. Notably, however, we do not find that the record contains substantial evidence that Slappey violated the eighteenth condition of his release. Though our finding with respect to the eighteenth condition does not materially affect the outcome of our decision, we will, for purposes of completeness, address why we do not find that the record contains substantial evidence that Slappey violated this condition.

{¶30} The only basis upon which the trial court could have found that Slappey violated the eighteenth condition of his release was McDuffie's testimony that she had no record of Slappey completing an alcohol and drug assessment. Under the circumstances of this matter, however, McDuffie's testimony cannot be considered substantial evidence that Slappey did not complete the assessment. Slappey testified that he completed the assessment. Further, and perhaps more importantly, there is no evidence that McDuffie would have been notified that Slappey completed the assessment. In fact, the evidence suggests that McDuffie was notified of occasions when Slappey violated the conditions of his release.

Here, the record contains no evidence that McDuffie received a violation report concerning Slappey's failure to complete the assessment, thus suggesting that Slappey may have completed the assessment. In light of the foregoing, we find that McDuffie's testimony that she had no record of Slappey completing the assessment is not substantial evidence that Slappey violated the eighteenth condition of his release.

{¶31} Turning our attention to the remaining conditions of Slappey's release, we begin by noting that Slappey suggests that the record does not contain substantial evidence that he violated the first, second, and fifth conditions of his release because McDuffie lacked firsthand knowledge of those violations. While we agree that McDuffie's testimony concerning these violations constituted hearsay, this fact is not fatal to the trial court's determination that Slappey violated the first, second, and fifth conditions of his release. Slappey's own testimony established that he violated the first, second, and fifth conditions of his release. In particular, Slappey testified that he was convicted of attempted breaking and entering, in violation of the first condition, that he stopped reporting to his supervising PO after May 28, 2010, in violation of the second condition, and changed his address without prior approval of his supervising PO, in violation of the fifth condition. Accordingly, we find that the record contained substantial evidence that Slappey violated the first, second, and fifth conditions of his release.

{¶32} Finally, there was substantial evidence that Slappey violated the twelfth and twenty-fifth conditions of his release. McDuffie testified that Slappey had not yet paid the transfer fee or the court costs and attorney fees, and further indicated that the clerk of courts, to whom such payments were to be remitted, had no record of Slappey paying any of the ordered costs or fees. Further, Slappey acknowledged that failing to pay the court costs and attorney fees "might have been [his] fault[.]" Sept. 4, 2012 Hearing Tr., p. 23.

{¶33} Although the record contains substantial evidence that Slappey violated the first, second, fifth, twelfth, and twenty-fifth conditions of his release, he, nevertheless, maintains that the trial court abused its discretion when it revoked his release. In particular, Slappey relies on the positive things that he has accomplished during his release, which include, but are not limited to, caring for his disabled mother, getting married, working, and volunteering as an assistant basketball coach. While these actions are laudable (if proven), we are not convinced that they overcome the number and seriousness of Slappey's violations, in particular his conviction for attempted breaking and entering and his failure to report. As such, we find that the trial court did not abuse its discretion when it revoked Slappey's release.

{¶34} Accordingly, we overrule Slappey's first assignment of error.

*Assignment of Error No. II*

**{¶35}** In his second assignment of error, Slappey contends that the trial court erred when it did not give him any jail-time credit for time served in relation to his conviction for attempted breaking and entering in Michigan. Specifically, Slappey maintains that but for his conviction and sentence in the present matter he would not have been sentenced to prison in Michigan. As a result, Slappey argues that his sentence in this matter should be reduced by the time he served in Michigan. We disagree.

**{¶36}** "The Adult Parole Authority has the duty to grant jail time credit, however, 'the trial court has the duty to properly calculate the number of days to be credited.'" *State v. Pitts*, 3d Dist. No. 1-06-106, 2007-Ohio-5197, ¶ 15, quoting *State v. Eaton*, 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶ 9.

**{¶37}** R.C. 2967.191 governs the reduction of a prison term for prior confinement, and provides, in relevant part, as follows:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.[4]

---

[4] This version of R.C. 2967.191 was in existence at the time Slappey's judicial release was revoked.

Pursuant to R.C. 2967.191, a defendant is only entitled to jail-time credit for confinement that is related to the offense for which he or she is being sentenced. *State v. Duaghenbaugh*, 3d Dist. No. 16-09-05, 2009-Ohio-3823, ¶ 18, citing *Pitts* at ¶ 16; *State v. Brooks*, 9th Dist. No. 05CA008786, 2006-Ohio-1485, ¶ 6. Accordingly, a defendant is not entitled to jail-time credit for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based. *Id.*, citing *State v. Lynn*, 3d Dist. No. 15-06-16, 2007-Ohio-3344, ¶ 8. Likewise, a defendant is not entitled to jail-time credit for any period of incarceration in another jurisdiction that arises from facts separate and apart from those on which the current sentence is based. *E.g.*, *Eaton*, 2005-Ohio-3238, at ¶ 10-11.

{¶38} During the violation hearing, Slappey offered testimony concerning his sentence for attempted breaking and entering. Slappey testified that the state recommend a sentence of "53 days credit and two years probation." Sept. 4, 2012, Hearing Tr., p. 14. According to Slappey, the trial judge was amenable to the recommended sentence, but sentenced him to a nine-month prison term because he committed the underlying offense while he was on judicial release in this matter.

{¶39} In spite of the purported effect Slappey's sentence in this matter had on his sentence in Michigan, Slappey is not entitled to any jail-time credit for the time he served in Michigan. Slappey's argument suggests that he be given jail-

time credit for the time he served in Michigan simply because his sentence in this matter caused the Michigan trial court to sentence him to prison as opposed to time served and two years' probation. Aside from citing no authority to support his position, Slappey's argument misses the point. The relevant inquiry in determining whether jail-time credit should be awarded is not whether the sentence in the present matter somehow affected the sentence in another matter, but whether the conviction and subsequent confinement, for which the defendant seeks credit, is factually related to the offense in the present matter. Here, it is manifestly clear that Slappey's conviction for attempted breaking and entering bears absolutely no factual relation to his convictions in this matter. Rather, Slappey's confinement in Michigan was solely based on his conviction for attempted breaking and entering, and therefore any time served in relation to that conviction cannot be credited towards his sentence in the present matter. As such, the trial court did not error when it failed to give Slappey jail-time credit for time served in Michigan

{¶40} Accordingly, we overrule Slappey's second assignment of error.

{¶41} Having found no error prejudicial to Slappey herein, in the particulars assigned and argued, we affirm the trial court's judgment.

*Judgment Affirmed*

**PRESTON, P.J. and WILLAMOWSKI, J., concur.**
**/jlr**