[Cite as *State v. Stanley*, 2016-Ohio-7176.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 8-16-08

      v.

SAVANNAH L. STANLEY,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR15-07-0176

**Judgment Affirmed**

**Date of Decision:   October 3, 2016**

APPEARANCES:

    *Linda Gabriele* **for Appellant**

    *Eric C. Stewart* **for Appellee**

Case No. 8-16-08

**ROGERS, J.**

{¶1} Defendant-Appellant, Savannah Stanley, appeals the judgment of the Court of Common Pleas of Logan County denying her presentence motion to withdraw her guilty pleas. On appeal, Stanley argues that her motion should have been granted because she was persuaded and influenced into entering her pleas. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On July 14, 2015, the Logan County Grand Jury indicted Stanley on one count of possession of methamphetamine in violation of R.C. 2925.11(A), a felony of the fifth degree; one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree; two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1), both felonies of the fifth degree; and one count of possessing drug abuse instruments in violation of R.C. 2925.12(A), a misdemeanor of the first degree, with an attendant forfeiture specification under R.C. 2981.04. The methamphetamine charge was later dismissed after evidence of the crime was suppressed.

{¶3} On December 10, 2015, pursuant to a plea agreement, Stanley entered pleas of guilty to two counts of trafficking in cocaine and agreed to forfeit her property. Before the trial court accepted Stanley's pleas, the following exchange occurred:

> The Court: * * * Before I can accept your plea of guilty to these two fifth degree felonies, I must advise you of your rights and ask questions to determine that this plea is being made knowingly,

voluntarily, and intelligently by you.  You've gone over this plea petition with [your attorney] this morning?

[Stanley]: Yes, sir.

The Court: And you understand the things that are in it?

[Stanley]: Yes.

* * *

The Court: The - - other than the plea agreement that we've talked about here and put on the record, has anybody promised you anything or threatened you in any way to get you to enter this plea?

[Stanley]: No, sir.

The Court: And have you had sufficient time to discuss this case with [your attorney]?

[Stanley]: Yes.

The Court: And you're satisfied with his representation?

[Stanley]: Yes, sir.

* * *

The Court: * * * And you're entering this plea voluntarily, is that correct?

[Stanley]: Yes, sir.

The Court: The next thing we're going to do is discuss the nature of the charges, the maximum penalties, and your probation eligibility.

* * *

The Court: The trafficking section is 2925.03, and it provides that no person shall knowingly sell or offer to sell a controlled substance or a

controlled substance analogue. Do you understand the nature of that offense?

[Stanley]: Yes, sir.

The Court: The maximum penalties are one year in prison and a $2,500 fine; three years post-release control at the option of the parole board; there's a mandatory driver's license suspension of six months, and it could be as much as five years. Because there are two offenses, the Court has the authority to order them served consecutively and to double the fine, so you're looking at a maximum sentence of two years and a maximum fine of $5,000. Do you understand the maximum penalties?

[Stanley]: Yes, sir.

The Court: That you- - these offenses are eligible for probation. Does not mean you'll get probation, but you are eligible for it. In addition, and I think you've been in the institution before and applied for judicial release before - - if you go to the institution, you have a right to apply for judicial release. Do you understand the probation eligibility?

[Stanley]: Yes, sir.

(Dec. 10, 2015 Hrg., p. 4-9).

{¶4} Thereafter, the trial court accepted Stanley's pleas, and the State dismissed the remaining charges.

{¶5} On January 21, 2016, Stanley, by and through counsel, filed a presentence motion to withdraw her guilty pleas. Stanley's counsel stated, in relevant part, "In a letter to the Court, [Stanley] alleged that she was persuaded and influenced into accepting the plea deal that she didn't fully understand or agree

Case No. 8-16-08

with." (Docket No. 63).[1] Stanley's counsel also requested that the trial court appoint a new attorney to represent Stanley, per Stanley's request.

{¶6} On February 19, 2016, a motion hearing was held where Stanley, by and through new counsel, argued that a presentence motion to withdraw guilty plea should be freely and liberally granted. In response, the State argued that it was appropriate to deny this kind of motion where there was no new evidence presented; there was no error in the penalties recited to the defendant; and there was no claim of actual innocence.

{¶7} On February 22, 2016, the trial court denied Stanley's motion and later sentenced her to a total of 11 months in prison.

{¶8} It is from this judgment that Stanley appeals, presenting the following assignments of error for our review.

### Assignment of Error

**WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ALLOW THE APPELLANT TO WITHDRAW A GUILTY PLEA PRIOR TO SENTENCING WHEN THE APPELLANT ARTICULATED THAT SHE WAS PERSUADED AND INFLUENCED INTO ENTERING A GUILTY PLEA.**

{¶9} In her sole assignment of error, Stanley argues that the trial court abused its discretion in denying her presentence motion to withdraw her guilty pleas.

---

[1] The record does not contain the letter Stanley allegedly sent to the trial court.

Specifically, Stanley argues that her motion should have been granted because she was persuaded and influenced to enter her pleas. We disagree.

**{¶10}** Crim.R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although the rule provides a standard by which post-sentence withdrawals of guilty pleas may be evaluated, i.e. the "manifest injustice" standard, it provides no guidelines for a trial court to use when ruling on a pre-sentence motion to withdraw a guilty plea.

**{¶11}** Although the general rule is that a motion to withdraw a guilty plea before sentencing is to be freely given and treated with liberality, the right to withdraw a plea is not absolute. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. Trial courts "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* In doing so, the trial court must exercise its "sound discretion * * * to determine what circumstances justify granting such a motion." *Id.* at p. 526, quoting *Barker v. U.S.*, 579 F.2d 1219, 1223 (10th Cir.1978). Thus, absent an abuse of discretion, an appellate court should not disturb the trial court's decision. *Id.*, paragraph two of the syllabus. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.).

Case No. 8-16-08

When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 12.

**{¶12}** Nine factors are typically considered when determining whether the trial court abused its discretion in denying the withdrawal of a plea:

> 1) whether the State will be prejudiced by the withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Lewis*, 3d Dist. Allen No. 1-02-10, 2002-Ohio-3950, ¶ 11, citing *State v. Lane*, 3d Dist. Allen No. 1-01-69, 2001 WL 1300669 (Oct. 26, 2001).

**{¶13}** Here, a majority of the factors weigh in favor of the trial court's decision to deny Stanley's motion: Stanley was represented by competent counsel; a full Crim.R. 11 hearing was held; a full hearing was held on Stanley's motion to withdraw guilty plea; the trial court gave full and fair consideration to Stanley's motion; Stanley indicated that she understood the nature of the charges and the potential sentences at the plea hearing; and Stanley did not claim that she was innocent or that she had a complete defense to the charges. The only factor that clearly weighs in Stanley's favor is the fact that the State's confidential informant was available to testify.

-7-

{¶14} In denying Stanley's motion, the trial court addressed the crux of Stanley's motion—her claim that she was "persuaded and influenced into accepting the plea deal that she didn't fully understand or agree with." (Docket No. 63). It explained,

> The transcript of the plea and the written plea petition indicate that [Stanley] did understand and agree with the plea. In this case the indictment was returned in July. Counsel went through a suppression motion with [Stanley]. The written discovery filed in this case on August 13, 2015 indicates that [Stanley] had prior drug related offenses in 2009, 2012, and again in 2012.

(Docket No. 86, p. 3).

{¶15} Indeed, at the Crim.R. 11 hearing, the trial court asked Stanley whether she had discussed the case with her attorney; whether she had gone over the plea agreement with her attorney; and whether she understood the plea agreement. Stanley indicated that she had discussed the case with her attorney; she had gone over the plea agreement with her attorney that morning; and she understood its terms.

{¶16} The trial court also asked Stanley whether anyone had promised her or threatened her in any way to get her to plead guilty and whether her pleas were voluntary. Staley indicated that her pleas were voluntary and had not been induced by threats or promises.

{¶17} Finally, the trial court explained the nature of the charges; the possible penalties; and the rights Stanley waived by entering guilty pleas. The trial court

asked Stanley whether she understood this information, and Stanley indicated that she did. All this information was journalized in a plea form that Stanley signed.

{¶18} When Stanley moved to withdraw her plea, the only information she provided was a statement in her motion that she was "persuaded and influenced into accepting the plea deal that she didn't fully understand or agree with." (Docket No. 63). She did not indicate in her motion or at the hearing who allegedly persuaded and influenced her to plead guilty, the nature of such persuasion or influence, what might have been improper about any persuasion or influence, or the portion of the plea which she allegedly did not understand or agree.

{¶19} Considering a majority of the factors weigh in favor of the trial court's decision to deny Stanley's motion and the record contains no evidence to support Stanley's claim, we find that the trial court did not abuse its discretion in denying Stanley's motion.

{¶20} Accordingly, we overrule Stanley's sole assignment of error.

{¶21} Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**