[Cite as *State v. Trent*, 2019-Ohio-2074.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  8-18-60

v.

MATTHEW D. TRENT,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 17-09-0291

**Judgment Affirmed**

Date of Decision:   May 28, 2019

APPEARANCES:

    *Marc S. Triplett and Tina M. McFall*  **for Appellant**

    *Sarah J. Warren* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Matthew D. Trent ("Trent"), brings this appeal from the September 24, 2018, judgment of the Logan County Common Pleas Court sentencing him to three years of community control after Trent pled no contest to, and was found guilty of, Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. On appeal, Trent argues that the trial court erred by denying Trent's presentence motion to withdraw his no contest plea.

*Procedural History*

{¶2} On September 2, 2017, a traffic stop was conducted of Trent's vehicle after he was observed traveling over the center line. As a result of the interaction following the traffic stop, Trent was found to be in possession of marijuana and cocaine.

{¶3} On January 9, 2018, Trent was indicted for Possession of Cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. He originally pled not guilty to the charge.

{¶4} On February 20, 2018, Trent filed a motion to be placed on "Intervention in Lieu of Conviction" ("ILC") pursuant to R.C. 2951.041. Trent argued that his charge made him eligible for ILC, that he was eligible for ILC because he had not been convicted of a felony, that he had not previously been through ILC, that he would benefit from ILC, that he was willing to comply with all

terms of the trial court, and that ILC would not demean the seriousness of the offense.

**{¶5}** The trial court set the matter for a hearing to determine if Trent was eligible for ILC and ordered him to complete an assessment for an appropriate treatment plan pursuant to R.C. 2951.041(A). Trent was also ordered to complete a separate assessment through the Adult Parole Authority to determine if he was eligible for ILC.

**{¶6}** On March 29, 2018, the trial court held a hearing on Trent's eligibility for ILC. At that time the trial court noted that it had received for its consideration both a presentence investigation "assessment" and an assessment that was performed by Consolidated Care. The trial court announced that Consolidated Care had assessed Trent and determined that Trent "does not qualify for any level of treatment and thus will be seen only for further evaluation, two additional sessions." (Mar. 28, 2018, Tr. at 6). The trial court indicated that based on the evaluation from Consolidated Care, Trent was not "eligible for [ILC] because no treatment services are recommended." (*Id.*)

**{¶7}** Defense counsel then made a motion for a second opinion/assessment at another treatment facility. The State was not opposed to Trent getting a second opinion and the trial court granted the request. The matter was set for further hearing on Trent's potential eligibility for ILC.

{¶8} On April 16, 2018, a hearing was held wherein the trial court was updated on Trent's efforts to get a second assessment regarding ILC. Defense counsel indicated that some treatment facilities stated it was "too early to retest" or reassess Trent for drug treatment; nevertheless, defense counsel indicated he was confused and "troubled" by the fact that Consolidated Care determined that Trent had no issue that required treatment yet the institution continued to bring him in for counseling.[1]

{¶9} After updating the trial court on the current State of his efforts to receive an ILC recommendation, Trent requested a continuance of the scheduled trial date to allow more time for him to receive his reassessment. The State did not oppose further delay for a potential reassessment and Trent was granted an additional sixty days. At that time, the trial court set the matter for a final hearing on the motion for ILC/pretrial conference on June 29, 2018.

{¶10} Prior to the June 29, 2018, hearing, the State filed a motion to revoke Trent's bond, contending that Trent had used both marijuana and methamphetamines.[2] Trent's bond was subsequently reinstated with additional conditions.

---

[1] On April 13, 2018, Trent filed a motion for continuance on the final pretrial/hearing on his motion for Intervention as he had been diligently working toward but had not completed a reassessment for a treatment plan yet.

[2] The motion was filed June 5, 2018.

{¶11} A journal entry included in the record indicates that the trial court held a hearing on June 29, 2018, which was the scheduled date for the final hearing on the motion for ILC/pretrial conference. However, the entry was silent regarding any progress on the ILC issue, and noted only that the parties had not reached an agreement to resolve the case. The trial court's entry indicated that a final plea offer was placed on the record, but no transcript of the proceeding was produced.

{¶12} The matter was then set for trial on July 19-20, 2018; however, on July 19, 2018, the trial court was informed that the parties had reached a plea agreement, therefore the matter was set for a change-of-plea hearing on July 23, 2018.

{¶13} On July 23, 2018, the change-of-plea hearing was held wherein Trent agreed to plead no contest to Possession of Cocaine as charged. His agreement was reduced to writing and signed by both Trent and his attorney.

{¶14} During the hearing itself, the trial court conducted a lengthy Crim.R. 11 dialogue with Trent. Trent was informed of the rights he was waiving by entering his plea. In addition, the trial court inquired multiple times as to whether Trent understood what was happening and whether he needed to consult with his attorney further. At one point, Trent expressed his desire to speak with his attorney further, so a recess was taken.

{¶15} When court reconvened, Trent indicated he was satisfied with the plea deal, with the rights he was waiving, and with his attorney's representation. He also

indicated that he understood he was giving up the right to contest such things as the legality of his traffic stop, which was explicitly mentioned by the trial court. Ultimately Trent entered his no contest plea to the charge of Possession of Cocaine and the trial court accepted that plea as knowing, voluntary, and intelligent. Based on the indictment and the bill of particulars, which were discussed at the hearing, the trial court found Trent guilty as charged. Sentencing was set for August 28, 2018.

{¶16} On August 27, 2018, the day before sentencing was scheduled, two new attorneys gave notice of their appearance as substitute counsel for Trent. On that same date, Trent's new attorneys filed a motion to withdraw his plea of no contest and a request for a hearing on that motion.

{¶17} In support of the motion to withdraw, Trent argued that he should be permitted to withdraw his plea so that an "appropriate request" for ILC could be considered by the trial court. Trent claimed that until that point, he had been evaluated for his drug or alcohol usage and whether it was a factor leading to the criminal offense; however, Trent contended that he actually should have been evaluated for mental illness as a basis for ILC. Trent argued that had this been known by his original counsel and conveyed to Trent, he could have effectively shown that he qualified for ILC based on mental illness.

{¶18} In addition, Trent argued that he should be permitted to withdraw his no contest plea so that he could present a motion to suppress, which, if granted, would constitute a complete defense to the charge in this matter. More specifically, Trent claimed that the stop of his vehicle was invalid as one of the two officers involved was outside of his jurisdiction.

{¶19} As a result of the motion to withdraw his plea, Trent requested a continuance of the sentencing hearing, which was granted. The matter was continued to September 11, 2018. However, before the September 11, 2018, hearing date, Trent requested another continuance, indicating that he was assembling evidence to support his claim that his mental illness would be a basis for ILC, and that the suppression issue needed additional preparation. The matter was again continued.

{¶20} On September 24, 2018, the trial court held a hearing on Trent's motion to withdraw his no contest plea. After hearing the arguments of the parties, the trial court ultimately indicated that it had thoroughly explained all of Trent's rights to him at the Crim.R. 11 hearing and Trent still elected to enter a no contest plea. Thus the trial court denied Trent's motion to withdraw his plea. The trial court then proceeded to a sentencing hearing and Trent was sentenced to three years of community control with thirty days local incarceration.

{¶21} After the sentencing hearing was complete, the trial court permitted defense counsel to proffer the testimony of the two officers involved in the stop of Trent's vehicle, and the testimony of Trent himself regarding the stop, which the defense felt would have supported a complete defense to the charge through a suppression hearing.

{¶22} A judgment entry denying Trent's motion to withdraw, and memorializing his sentence, was filed September 24, 2018. It is from this judgment that Trent appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The Trial Court erred when it denied appellant's motion to withdraw his no contest plea.**

{¶23} In Trent's assignment of error, he argues that the trial court erred by denying his motion to withdraw his no contest plea. Specifically, he argues that the trial court prevented him from presenting new evidence and refused to consider his new arguments, denying him a legitimate hearing on his motion to withdraw, and he also argues that the trial court abused its discretion when, on balance, the factors for consideration weighed in his favor.

Standard of Review

{¶24} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and

permit the defendant to withdraw his or her plea." The Supreme Court of Ohio has recognized that a presentence motion to withdraw a guilty (or no contest) plea should be freely and liberally granted. *State v. Xie*, 62 Ohio St.3d 521, 527 584 N.E.2d 715 (1992), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Nevertheless, a defendant does not have an absolute right to withdraw a plea prior to sentencing. *Xie* at 527. Withdrawal of a plea will not be permitted merely because a defendant has experienced a change of heart. *State v. Posey*, 6th Dist. Ottawa No. OT-12-028, 2014-Ohio-1994, ¶ 9.

{¶25} Trial courts "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at 527. In doing so, the trial court must exercise its "sound discretion * * * to determine what circumstances justify granting such a motion." *Id*. at 526, quoting *Barker v. U.S.*, 579 F.2d 1219, 1223 (10th Cir.1978). Thus, absent an abuse of discretion, an appellate court should not disturb the trial court's decision. *Id*., paragraph two of the syllabus. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 2d Dist. Montgomery No. 23037, 2010-Ohio-278, ¶¶ 16-18. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 12.

*Analysis*

**{¶26}** In his brief, Trent divides his assignment of error into two separate issues. The first issue concerns the adequacy of the hearing on the motion to withdraw his plea, and the second issue concerns the trial court's denial of the motion to withdraw the no contest plea. We will address each issue in turn.

Hearing on the Plea Withdrawal

**{¶27}** Trent first contends that the trial court refused to properly consider his arguments in support of his motion to withdraw his plea, and that the trial court effectively denied Trent a full and fair hearing on his motion. More specifically, Trent argues that he had obtained a new evaluation indicating that he had mental illness, which provided a basis that had not been previously presented for ILC. In addition, he argues that he was prevented by the trial court at the hearing on the motion to withdraw his plea from presenting police reports, testimony from police officers, and video of the traffic stop to illustrate that a suppression motion would have been granted in this matter.[3]

**{¶28}** At the hearing on the motion to withdraw, the trial court began by reciting a history of the case, including the fact that the trial court had previously received an evaluation from Consolidated Care that did not contain any referral for

---

[3] Trent also argues that the trial court's summary denial of his motion to withdraw deprives this Court of the ability to fairly decide this appeal. On this issue, he requests that we remand the matter to the trial court with instructions to allow Trent to have a "meaningful evidentiary hearing."

Trent for a mental health assessment, even though there was a box that could have been checked for a mental health assessment. The trial court indicated that mental health was at least implicitly considered at the time the drug evaluation was made for ILC.

{¶29} Notwithstanding this point, the trial court proceeded to allow defense counsel to argue Trent's motion. Defense counsel contended that Trent had been reevaluated on September 12, 2018, that he was diagnosed with "mild alcohol use disorder, mild major depressive disorder, single episode generalized anxiety, and he has a treatment plan of care with follow up or agrees to call if unable to keep the appointment[.]" (Sept. 24, 2018, Tr. at 8). Defense counsel argued that the mental health issues were significant for consideration for ILC, and they had not been originally considered.

{¶30} The trial court responded by again discussing certain portions of the extremely thorough plea colloquy that had occurred in this matter, often quoting specific passages from it in which Trent expressed his understanding of what was happening and the rights he was waiving by entering his plea. Defense counsel then replied by arguing that while the thoroughness of a Crim.R. 11 hearing was a factor in determining a motion to withdraw, it was not the *only* factor. Defense counsel

felt that the trial court was placing all its emphasis on the Crim.R. 11 dialogue and not considering any argument other than actual innocence. [4]

**{¶31}** To that point, Defense counsel stated that Trent was attempting to withdraw his plea not only for further consideration of the ILC issue, which the trial court implied it gave little merit to, but also in order to file a suppression motion, which if granted would result in discharge of the crime. Defense counsel elaborated on the suppression issue and argued for the ability to present the testimony of the police officers from the stop of Trent's vehicle to show that a suppression motion had validity in this matter.

**{¶32}** The trial court replied to defense counsel's argument by stating,

> **in the** [Crim.R. 11] **discussion with the defendant I said I don't really know why the police stopped you. It says you were left of center. I don't know if you were or not, but if you enter a plea to this today, the Court's not going to look at why that traffic stop was initiated, whether there was probable cause to continue to engage with you on the side of the road following that miscue, alleged miscue in traffic. If you enter a plea, everything, none of that will be reviewed. Do you understand that? Yes, Your Honor, I do. I mean, I even went through the probable cause question** [at the plea hearing]**.**

(Tr. at 13).

---

[4] Defense counsel seemed particularly concerned with the trial court's statement that "the test in my mind at this point is actual innocence[.]" (Sept. 24, 2018, Tr. at 10). However, this statement was elaborated upon and it seems that in context the trial court meant that because the plea hearing was so thorough, it was going to be exceedingly difficult for Trent to be granted leave to withdraw his plea.

{¶33} Based on Trent's expressed waiver, the trial court denied the request of the defense to present the testimony of the officers. Afterward, the trial court found that Trent should not be allowed to withdraw his plea, thus overruling the motion and effectively concluding the hearing on the motion.

{¶34} At the outset of our review of Trent's argument, we note that the trial court did clearly hold a hearing wherein it allowed Trent to make his claims regarding whether his no contest plea should be withdrawn. In fact, the trial court continued the original sentencing hearing date *twice* so that Trent could more fully prepare his arguments on the motion.

{¶35} Moreover, the trial court clearly emphasized the thoroughness of the plea hearing in overruling the motion, and the plea hearing was exceedingly thorough. In making his motion to withdraw, Trent seemed to be primarily concerned with having a third chance at ILC, despite giving up on his pending opportunity for a second chance/evaluation when he entered his plea. In addition, while he also believed that he had a "full defense" regarding the suppression issue, he knowingly entered his plea with the trial court explicitly speaking about the issue of probable cause. Under these circumstances, the trial court's repeated reference to the Crim.R. 11 dialogue is well-founded.

{¶36} In sum, Trent may feel that the trial court's hearing was inadequate, or that the trial court relied too much on the prior Crim.R. 11 hearing, but the trial court

provided Trent with a hearing on his motion to withdraw his plea. The trial court even continued the hearing twice so that Trent could better prepare. Therefore, Trent's first argument is not well-taken.

### Denial of the Motion to Withdraw

{¶37} Trent next argues that even if the hearing on the motion to withdraw his plea was adequate, the trial court still abused its discretion by denying his motion. Specifically, Trent argues that when analyzing the appropriate factors there was no prejudice to the prosecution by permitting a withdrawal, that his prior counsel's representation was insufficient, that the hearing on the motion to withdraw the plea—and the trial court's consideration of the motion—was inadequate, that the motion was filed timely, that he had valid reasons supporting his motion to withdraw, that he lacked some understanding of the nature of the charges and the potential sentences when he entered his plea, and that he was prepared to present a complete defense. He does concede, as he did at the trial court level, that the Crim.R. 11 hearing was sufficient, weighing against him.

{¶38} This Court has routinely held that nine factors are considered when determining whether the trial court abused its discretion in denying the withdrawal of a plea:

> **"1) whether the State will be prejudiced by the withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and**

**fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge."**

*State v. Stanley*, 3d Dist. Logan No. 8-16-08, 2016-Ohio-7176, ¶ 12, quoting *State v. Lewis,* 3d Dist. Allen No. 1–02–10, 2002–Ohio–3950, ¶ 11, citing *State v. Lane,* 3d Dist. Allen No. 1–01–69, 2001 WL 1300669 (Oct. 26, 2001). None of the factors is determinative on its own and there may be numerous additional aspects "weighed" in each case. *State v. North*, 3d Dist. Logan No. 8-14-18, 2015-Ohio-720, ¶ 16.

**{¶39}** Regarding the first factor listed above related to prejudice to the State by granting the motion, this factor can actually weigh in Trent's favor as there is no indication that the State would have been prejudiced by granting the motion, although the State did oppose the motion.

**{¶40}** Nevertheless, a number of the remaining factors either weigh directly against Trent, or do not strongly weigh in his favor. For example, as to the third factor regarding the extent of the Crim.R. 11 hearing, Trent does not even contest that the Crim.R. 11 hearing in this matter was sufficient, and upon review we find that the hearing was, in fact, very thorough with Trent clearly having his rights explained to him. The trial court even recessed at one point so Trent could have additional time to speak to his attorney when he expressed some confusion. When

court reconvened, Trent indicated he understood the proceedings, that he was fully satisfied with his attorney's representation (the second factor), and with the decision he was making.

{¶41} Now, regarding the second factor and the representation he received from his prior attorney, Trent argues that his prior attorney improperly focused Trent's ILC inquiry on his drug issues rather than his mental health issues. In addition, he argues that his prior attorney either did not notice potential suppression issues or elected not to file a suppression motion. However, as stated previously, Trent expressly stated at the plea hearing that he was fully satisfied with his counsel's representation.

{¶42} In addition, Trent's original counsel had him evaluated for ILC. Consolidated Care's evaluation indicated that Trent did not qualify for treatment. As the trial court noted, there was a box on the sheet from Consolidated Care that could have been checked for mental health issues at the time Trent was originally evaluated, but it was not checked by Consolidated Care. When Trent's first attempt to receive an ILC recommendation failed, his original counsel secured multiple continuances so Trent could get a second opinion regarding ILC, but before a second opinion was presented to the trial court—at least as far as the record is concerned— Trent elected to enter his plea, effectively terminating his request for a second opinion.

{¶43} In order to find that Trent's original counsel was somehow deficient enough that the second factor weighed in Trent's favor here, we would have to assume that no ILC opinion provided to him was ever predicated on mental health issues in any manner and that his attorney wholly ignored this issue, even though the ILC motion was still pending when Trent elected to enter his plea.

{¶44} Moreover, as to Trent's claim regarding his counsel's failure to file a suppression motion, the record simply does not indicate that a suppression motion would have been granted in this matter. Trent maintained that one of the officers who stopped his vehicle was outside of his jurisdiction, yet the (proffered) testimony clearly indicated that two officers were involved in the traffic stop of Trent. They were in a marked cruiser, both wearing uniforms, and one of them was within his jurisdiction. Based on this, we cannot find that Trent's original representation was inadequate. In fact, based on Trent's expressed satisfaction with his original counsel at the change-of-plea hearing, this factor could weigh against him as well, supporting the trial court's decision.

{¶45} The next factors for consideration concern the extent of the hearing on the motion to withdraw the plea and the trial court's consideration of the motion. As discussed previously, Trent may feel the hearing and the trial court's consideration were inadequate, but the trial court held a hearing wherein Trent was able to address the motion and the trial court did consider it, ultimately overruling

the motion. Thus we cannot find that these factors weigh in Trent's favor, or against the trial court's decision.

**{¶46}** As to the factor regarding timeliness of the motion, while Trent maintains that his motion was timely, it was filed the last day before the scheduled sentencing hearing, despite Trent having over a month between the plea hearing and the sentencing date. Undoubtedly, the motion was timely, but this is not a factor weighing strongly in Trent's favor due to the last minute nature of the motion. Nevertheless, this factor could weigh minimally in his favor.

**{¶47}** Trent next contends that he had legitimate reasons to file his motion to withdraw and that his suppression motion could constitute a complete defense in this matter. However, his arguments regarding ILC seem to reflect a "change of heart," which is not a reason to withdraw his plea. *See State v. Posey*, 6th Dist. Ottawa No. OT-12-028, 2014-Ohio-1994, ¶ 9. This is especially true given that he had a motion for ILC *still pending* when he entered his plea.

**{¶48}** We also cannot find that the suppression motion had validity in this matter, and Trent expressly indicated that he understood he was waiving his right to contest the issues he later wanted to raise in a suppression hearing. Thus we do not find that the reasons for filing the motion to withdraw or the claim that Trent had a complete defense in this matter support overturning the trial court's decision.

{¶49} Finally, Trent argues that he did not adequately understand the nature of the charges and potential sentences but this is expressly contrary to his statements at the plea hearing.

{¶50} In sum, after reviewing the record, there are some factors that could weigh in Trent's favor in support of withdrawing his plea; however, there are a number of factors that support the trial court's decision to deny the plea withdrawal. On balance, we cannot find that the trial court abused its discretion and we will not simply substitute our judgment for the trial court. *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 12. Therefore, Trent's assignment of error is overruled.

*Conclusion*

{¶51} For the foregoing reasons Trent's assignment of error is overruled and the judgment of the trial court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**